1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff(s),<br><br>   v.<br><br>KATHRYN CHOI,<br><br>            Defendant(s). | CASE NO. CR24-0208-KKE<br><br>ORDER GRANTING UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

Defendant was charged in the Northern District of Illinois with one count of conspiracy to commit wire fraud in 2019, and she pleaded guilty in 2020. Dkt. No. 2 at 10–15, 23–42. She was released on an unsecured bond awaiting sentencing, during which time she built a new career, maintained employment, and did not violate her conditions of release. Dkt. No. 4 at 2. In 2024, Defendant was sentenced to a three-year term of probation. Dkt. No. 2 at 16–22. Defendant moved to this District and the Court accepted probation jurisdiction in November 2024. Dkt. No. 1. Defendant now moves for early termination of supervised release. Dkt. No. 4.

A district court has "broad discretion in determining whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). After considering a subset of the sentencing factors listed in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release after one year has expired "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The

sentencing factors relevant here are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and the sentencing range established for the category of offense and category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *Id*. A defendant requesting early termination of supervision bears the burden "to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

The Court finds that Defendant has met her burden to demonstrate that early termination of supervised release is justified. She has completed many years of supervised release without a single violation, and is thriving in her work, family, and community relationships. *See* Dkt. No. 4 at 2–3. Neither Defendant's Probation officer nor the Government's counsel in the underlying matter oppose Defendant's motion. *Id*. at 3. The Court therefore finds the continuing expenditure of government resources to supervise Defendant is unwarranted, and GRANTS Defendant's motion for early termination of supervised release.

Dated this 17th day of November, 2025.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 2